**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DEAN PIGEON, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO. 1:22-00447-KD-MU** |
| | ) |
| **STRAUB BUILDERS, LLC, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Plaintiffs Dean and Deborah Pigeon's ("Plaintiffs")

Motion for Default Judgment or, Alternatively, Motion for Summary Judgment Against

Defendants Straub Builders, LLC and Fred Straub. (Doc. 48).

"Ordinarily, *unless a plaintiff's claim against a defaulting defendant is for a sum certain*,

the law requires the district court to hold an evidentiary hearing to fix the amount of damages."

PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1292 n.9 (S.D. Ala. 2010)

(emphasis added and internal quotations omitted). An evidentiary hearing is not a per se

requirement, however; no such hearing is necessary "where all essential evidence is already of

record." SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). "Where the amount of

damages sought is a sum certain, or where an adequate record has been made via affidavits and

documentary evidence to show statutory damages, no evidentiary hearing is required." Virgin

Recs. Am., Inc. v. Lacey, 510 F. Supp. 2d 588, 593–94 (S.D. Ala. 2007); Hunt v. Inter-Globe

Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (per curiam) ("[W]e have held that a court may

enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one

capable of mathematical calculation."); <u>Antoine v. Atlas Turner, Inc.</u>, 66 F.3d 105, 111 (6th Cir. 1995) ("Use of affidavits in granting default judgments does not violate . . . due process . . . .").

Speaking as to when an evidentiary hearing must precede the Court's entry of a default judgment, Judge Steele clarified:

> In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp. 2d at 605 ("In considering the amount of damages . . . , the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp. 2d at 593–94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show . . . damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, at *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."). In this case, PNCEF has not requested a damages hearing, but has instead submitted evidence in support of its requested damages amount. In light of the foregoing authorities and circumstances, the damages determination will stand or fall on PNCEF's written evidentiary submission, without the need for a full-blown hearing.

<u>Hendricks</u>, 740 F. Supp. 2d at 1292 n.9.

Here, Plaintiffs show that they entered into a contract with Straub Builders, LLC ("Straub Builders") for the construction of a home located at 3832 Grand Key Drive in Orange Beach, Alabama around November 2020. (Doc. 48-3 at 1, 4 (contract between "Dean & Deborah Pigeon" and Straub Builders depicted on a form "Contractor Agreement")). Per the contract's terms, Plaintiffs were to pay Straub Builders $392,000, with $50,000 due upon signing and 10% of the total contract price to be held until completion. (<u>Id.</u> at 4). Deborah Pigeon testifies that

Plaintiffs advanced Defendants "approximately" $130,000 to begin construction "[p]ursuant to the terms of the agreement with Defendants" and that the home was to have been completed by May 2021. (Id. at 2; see also id. at 4 (indicating that the construction "shall . . . be substantially completed on or before 5-30-21"). "However, rather than complete the building project as agreed-upon, Defendants failed to take appropriate action to complete the building project." (Id. at 2). In March 2021, Plaintiffs tried to cancel the contract "and requested that Defendants return all unspent funds and make every effort to cancel any material orders that could be cancelled." (Id.). Included in Plaintiffs' evidentiary submission are images of three checks from Straub Builders to separate vendors showing payments of $19,000; $10,090; and what appears to be $10,590.43, though the picture of the last check is grainy and unclear. (Id. at 11–14). Plaintiffs sum up these payments as "approximately $30,000 [spent] on materials and permits for the home," leaving a $100,000 balance of funds not devoted towards the building contract. (Doc. 48-2 at 8). **However, $19,000 + $10,090 + $10,590.43 = $39,680.43. It is thus unclear how images of these checks reflect "approximately $30,000 on materials and permits for the home," (id. at 8).**

In response to Plaintiffs' repeated requests that the unspent funds be returned, Fred Straub ("Mr. Straub") promised to repay Plaintiffs the $100,000 through proceeds from the sale of his personal condominium. (Doc. 48-3 at 2; id. at 10 (text message from a contact named "Freddie" saying "I have four potential plans that one has not come through yet but selling my unit is the main one" after having seemingly acknowledged $100,000 due to sender)). In June 2022, after asking for the $100,000 for over a year, Mr. Straub sent Plaintiffs three $5,000 checks, although one was returned for insufficient funds. (Id. at 2). Despite repeated demands,

Defendants have not paid Plaintiffs any additional portion of the unspent funds given to them to build the house in Orange Beach, even though their home has not been constructed. (Id.).

In their motion for default judgment or alternatively for summary judgment, Plaintiffs seek "$90,000, plus legal interest thereon." (Doc. 48-2 at 10). The Court understands how the $90,000 requested stems from the $100,000 that Mr. Straub appeared to acknowledge that he owed minus the $10,000 that Mr. Straub successfully paid Plaintiffs back. However, given the discrepancy and lack of clarity in the submitted check evidence noted above, as well as the absence of specific figures quoted in support of the $90,000 in requested damages reflected in the record,[1] it cannot fairly be said that Plaintiffs' claim is for a "sum certain," Hendricks, 740 F. Supp. 2d at 1292 n.9, or that "all essential evidence is already of record," Smyth, 420 F.3d at 1232 n.13.

"[T]he Court finds that [Plaintiffs'] damages showing is, in its present form, insufficient." Farm Credit of Nw. Fla., ACA v. R&B Constr. of S. Ala., Inc., No. 08-CV-439-WS-C, 2009 WL 2413656, at *2 (S.D. Ala. Aug. 5, 2009).[2] "Simply put, while the Court believes that an evidentiary hearing on damages can and should be averted in this case, [Plaintiffs] ha[ve] not yet presented the 'wealth of evidence' required by the Eleventh Circuit to enable the undersigned to make a fully informed determination of damages." See id. at *3. Accordingly, Plaintiffs are **ORDERED** to file, on or before **July 31, 2024**, an evidentiary submission in support of their motion explaining the source of the $90,000 in damages claimed—plus (presumably)

---

[1] For example, Deborah Pigeon testifies that Plaintiffs advanced "*approximately* $130,000 to begin construction" and that Defendants stated that they had spent "*around* $30,000 of the *roughly* $130,000 already paid." (Doc. 48-3 at 2) (emphasis added).

[2] See also id. at *3 ("At present, Farm Credit's damages evidence consists of a one-page summary listing line items, categories and amounts of damages, attached to the Jay Baker Affidavit. The Court cannot simply accept these figures on faith, without knowing how they were calculated, where they come from, or what the legal or contractual source might be of plaintiff's demands for each.").

prejudgment interest— in affidavit or similar form, referencing existing exhibits or attaching new exhibits if necessary.

**DONE** and **ORDERED** this **22nd** day of **July 2024**.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**